ASHLEY *v.* BRECKENRIDGE.

1. WORDS AND PHRASES—HORSES—MULES.

Use of term ''horse'' as a generic term to include all equine animals *held,* not error in charge in action for damages for loss of two mules in which reference was made to statute making it unlawful to permit horses and other livestock to run at large in the public highways (2 Comp. Laws 1929, § 9037).

2. ANIMALS—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE—RUNNING AT LARGE—SUDDEN EMERGENCY—SPEED.

In action for loss of two mules, shown to have been fenced in a pasture the previous evening and to have escaped therefrom and which were running at large on the highway, instruction that plaintiff would not be guilty of contributory negligence if they were properly penned in the night before and had escaped without any carelessness on his part and defendant motorist would not be liable if he was confronted with a sud-

den emergency and did everything he could to avoid striking the mules but would be liable if he was not exercising due care in driving car or if he could see the mules at some distance but drove at such a speed as not to be able to stop *held*, fair to defendant (2 Comp. Laws 1929, § 9037).

3. SAME—AUTOMOBILES—LIVESTOCK RUNNING AT LARGE ON PUBLIC HIGHWAYS.

Motorist on road at night is bound only to do all he reasonably can to avoid striking livestock running at large on the public highway (2 Comp. Laws 1929, § 9037).

4. APPEAL AND ERROR—INSTRUCTIONS—AUTOMOBILES—LIVESTOCK RUNNING AT LARGE ON HIGHWAYS.

Judge's omission to use word "reasonable" in charging jury as to motorist's efforts to avoid striking plaintiff's mules running at large on the highway *held*, fully cured by remainder of charge which, taken as a whole, was fair to plaintiff and properly presented issue to jury (2 Comp. Laws 1929, § 9037).

Appeal from Allegan; Miles (Fred T.), J. Submitted October 7, 1937. (Docket No. 49, Calendar No. 39,529.) Decided November 10, 1937.

Case by Clare Ashley against Robert S. Breckenridge, by his guardian *ad litem* Carl A. Warner, for damages for loss of two mules by virtue of being struck by defendant's motor vehicle. Cross-declaration by defendant against plaintiff for damages to motor vehicle. Cross-declaration dismissed. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Carl E. Hoffman,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant.

BUTZEL, J. Plaintiff brought suit for the loss of two mules which were killed when struck by the car of defendant, who was driving along a road in Alle-

gan county towards 1 o'clock on the morning of July 13, 1936. The car, with bright lights, was proceeding between 45 and 50 miles per hour when, after a dip in the road, it struck the mules which were walking across the road. Defendant's car was damaged and he filed a cross-declaration against plaintiff, but it was dismissed by the trial judge. No error is claimed on that account. The jury rendered a verdict for plaintiff.

Defendant's main claim of error is based upon the statute making it unlawful for any cattle, horses, sheep or swine to run at large in any public highway of this State. 2 Comp. Laws 1929, § 9037. The statute was not pleaded though it was referred to in the judge's charge, in which he seemed to regard the word "horse" as a generic term that included all equine animals. Appellant cannot complain on that account.

Plaintiff offered testimony showing that the mules had not been running at large, that they had been fenced in a pasture the previous evening and that they had escaped. The judge instructed the jury that plaintiff would not be guilty of contributory negligence or to blame for the mules being at large, if he properly penned them in and they escaped without any carelessness on his part; also that if defendant was confronted by a sudden emergency when the mules suddenly loomed up in front of him and he did everything he could to avoid striking them after he saw them, plaintiff could not recover; if, however, he could see the mules from a distance and drove into them, because he did not have sufficient control of his car, due to the speed with which it was going, or if he was not exercising due care in the driving of his car, plaintiff could recover. Defendant was only bound to do all he rea-

sonably could to avoid striking the mules. However, any error in omitting the word "reasonably" by the judge in his charge was fully cured by the remainder of the charge, which taken as a whole was fair to plaintiff and properly presented the issue to the jury.

The verdict is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.